IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FC INVESTMENT GROUP, L.C., et al.<br><br>**Plaintiffs**<br><br>v.<br><br>LARRY B. LICHTENSTEIN, et al.,<br><br>**Defendants.** | Case No. 1:05-cv-01753-RMC |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Larry B. Lichtenstein and Larry B. Lichtenstein & Associates, Defendants herein, by and through their undersigned counsel, pursuant to Rules 12(b)(1), (2) and (3) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby file this Reply to Plaintiff's Opposition to the Motion to Dismiss or, in the Alternative, Motion to Transfer Venue, previously filed herein, and in support thereof state:

**PRELIMINARY STATEMENT**

Plaintiffs – an attorney and his Maryland limited liability company – filed this lawsuit against the Defendants to recover over $5,000,000 in alleged lost investments they made for themselves and for unidentified non-party investors with Titan Global Strategies, Ltd. ("Titan"), another non-party, for trading in foreign currency securities. The Defendants timely moved to dismiss the Complaint because it: (1) failed to establish a basis for subject matter diversity jurisdiction; (2) failed to establish the existence of personal jurisdiction over the Defendants in this Court; (3) demonstrated that this Court was an improper venue for this action; and, alternatively, (4) established that the United

States District Court for the Northern District of Illinois is a more appropriate and convenient forum for the instant dispute and, therefore, this action should be transferred there under well-established principles.

Plaintiffs filed a lengthy memorandum opposing the preliminary motion, and filed an Amended Complaint containing new factual allegations to support the arguments advanced in their opposition concerning subject matter jurisdiction, personal jurisdiction, and venue arguments raised by the Defendants' preliminary motion. Plaintiffs then proceeded to improperly rely on the new factual allegations in the Amended Complaint in an effort to defeat the Defendants' preliminary Motion in response to the <u>original</u> Complaint.[1]

By its very nature, the Amended Complaint supersedes Plaintiffs' original Complaint, and all allegations set forth therein. *See, e.g., National City Mortgage Co. v. Navarro*, 220 F.R.D. 102, 105 (D.D.C. 2004); *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (2004). Accordingly, the filing of the Amended Complaint also renders the Defendants' Motion to Dismiss, which was directed to the original Complaint, moot. *Navarro*, 220 F.R.D. at 105; *United States ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F. Supp.2d 114, 121 (D.D.C. 2003). As a result, the Defendants are not required to reply to the Plaintiffs' memorandum in opposition to the Motion to Dismiss. The Defendants will respond to the allegations set forth in the Amended Complaint within the deadline set forth in Rule 15(a) of the Federal Rules of Civil Procedure.

---

[1] Notably, Plaintiffs did not make clear to the Court that many of the factual allegations relied upon to challenge the arguments in the Defendants' preliminary Motion were entirely new and were not set forth in the original Complaint.

Respectfully submitted,

**LARRY B. LICHTENSTEIN**
**LARRY B. LICHTENSTEIN & ASSOCIATES**
*Defendants*

By Counsel:

DATED: November 29, 2005

　　　　　　　　　/s/　　　　　　　　　
Matthew A. Ranck (D.C. Bar # 484983)
William L. Mitchell, II (D.C. Bar # 476101)
ECCLESTON AND WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, DC 20009
Tel. (202) 857-1696
Fax (202) 867-0762
*ranck@ewmd.com*
*wmitchell@ewdc.com*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Reply was transmitted by electronic mail on this 29th day of November, 2005, to:

Ross D. Cooper, Esquire
Kristin Draper, Esquire
SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.
11921 Rockville Pike, Third Floor
Rockville, Maryland 20852
*Counsel for Plaintiffs*

　　　　　　　　　/s/　　　　　　　　　
Matthew A. Ranck

3