IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| FC INVESTMENT GROUP, L.C., et al.<br><br>    Plaintiffs<br><br>v.<br><br>LARRY B. LICHTENSTEIN, et al.,<br><br>    Defendants. | Case No. 1:05-cv-01753-RMC |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendants Larry B. Lichtenstein ("Lichtenstein") and Larry B. Lichtenstein & Associates ("Law Firm"), by and through their undersigned counsel, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby file this Answer to the allegations contained in the Amended Complaint in the above-captioned matter, and in support thereof state:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Lichtenstein or the Law Firm upon which relief can be granted.

### SECOND DEFENSE

1.    The Defendants deny the allegations contained in the third and fourth sentences of paragraph 1 of the Amended Complaint. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the first and second sentences of paragraph 1, except that the Defendants deny that Lichtenstein was a director of Titan at any relevant time.

1

2.  The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Amended Complaint, which are therefore denied.

3.  The Defendants admit the allegations contained in the first sentence of paragraph 3 of the Amended Complaint, and further admit that Lichtenstein had communications with Eisenberg and FDIG, but deny the remaining allegations contained in paragraph 3.

4.  The Defendants admit the allegations contained in the first three sentences of paragraph 4 of the Amended Complaint, but state that the remaining allegations contained therein are conclusions of law for which no answer is required, and as such, are deemed denied.

5.  The first sentence of paragraph 5 does not contain any factual allegations to which the Defendants are required to respond. The Defendants deny the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.  Paragraph 6 of the Amended Complaint does not contain any factual allegations to which the Defendants are required to respond.

7.  The Defendants admit the allegations contained in the second sentence of paragraph 7 of the Amended Complaint, and deny the remaining allegations contained therein.

8.  The Defendants admit the allegations contained in paragraph 8 of the Amended Complaint, except that they deny any involvement with Titan, IG or the Plaintiffs during the time period referenced therein. Defendants deny, for this paragraph and all others in the Amended Complaint, that they had any role in the operations,

management or control of Titan, that they ever represented to Plaintiffs that they had any such role or that they were expected or obligated to have any such role.

9. The Defendants admit that Eisenbeg invested some amount of money with Titan, but they lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 9 of the Amended Complaint. Defendants deny any involvement with Titan, IG or the Plaintiffs during the time period referenced.

10. The Defendants deny that they made any representations or statements to Plaintiffs upon which Plaintiffs relied or were entitled to rely, and lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 10 of the Amended Complaint.

11. The Defendants admit that Titan sent account statements to Plaintiffs, which speak for themselves, but deny the remaining allegations set forth in paragraph 11 of the Amended Complaint.

12. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Amended Complaint.

13. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Amended Complaint.

14. The Defendants admit that Titan sent account statements to Plaintiffs, which speak for themselves, but lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 14 of the Amended Complaint.

15. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Amended Complaint, except that Defendants deny that Plaintiffs exercised due diligence.

16. The Defendants deny the allegations contained in the fourth sentence of paragraph 16 of the Amended Complaint, and lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 16.

17. The Defendants admit that Titan opened an account with IFX, but deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18. The Defendants admit that Titan returned funds to Plaintiffs upon Plaintiff's request, lack sufficient knowledge or information to admit or deny whether the return of funds was "reassuring to FCIG," and deny the remaining allegations contained in paragraph 18 of the Amended Complaint.

19. The Defendants admit that Eisenberg was invited to IFX's offices for a presentation, lack sufficient knowledge or information to admit or deny the identity of the person(s) who invited Eisenberg or the date, and deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

20. The Defendants admit that Eisenberg met with persons associated or affiliated with IFX, but lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Amended Complaint.

22. The Defendants admit that Lichtenstein was Martinic's attorney in certain matters, and deny the remaining allegations contained in paragraph 22 of the Amended Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24. The Defendants admit that Martinic asked Lichtenstein, in his capacity as counsel, to relay information to FCIG regarding its investments with Titan, and deny the remaining allegations contained in paragraph 24 of the Amended Complaint.

25. The Defendants admit that Lichtenstein relayed information to FCIG concerning its Titan investments, but deny the remaining allegations contained in paragraph 25 of the Amended Complaint.

26. The Defendants admit that Lichtenstein had limited telephone communications with FCIG by telephone regarding Titan, and deny the remaining allegations contained in paragraph 26 of the Amended Complaint.

27. The Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28. The Defendants admit that Lichtenstein caused Titan to be incorporated under the laws of Illinois on or about November 12, 2002, but deny the remaining allegations contained in paragraph 28 of the Amended Complaint.

29. Titan's Articles of Incorporation speak for themselves, and require no explanation or discussion by the Defendants, and the remaining allegations contained in paragraph 29 of the Amended Complaint are denied.

30. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of the Amended Complaint.

31. The Defendants admit that Lichtenstein is an attorney and, in that capacity, understands generally corporate formalities, and deny the remaining allegations contained in paragraph 31 of the Amended Complaint and deny that he was obligated as alleged.

32. The Defendants deny that Plaintiffs relied on any representations by Lichtenstein, and lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33. The March 10, 2003 letter speaks for itself and requires to explanation or discussion by the Defendants. To the extent a response is required, the Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the second sentence of paragraph 34 of the Amended Complaint, and deny the remaining allegations contained in paragraph 34.

35. The Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36. The Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37. The Defendants admit that Lichtenstein had communications with FCIG regarding the return of funds it had invested with Titan, and deny the remaining allegations set forth in paragraph 37 of the Amended Complaint.

38. The Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the second sentence of paragraph 38 of the Amended Complaint, and deny the remaining allegations set forth in paragraph 38.

39. The January 14, 2004 deposit slip speaks for itself and requires no explanation or discussion by the Defendants. To the extent a response is required, the Defendants deny any knowledge that the deposit slip was allegedly forged or otherwise altered or not authentic and denies making any misrepresentations. In addition, the

Defendants deny all other allegations contained in paragraph 39 of the Amended Complaint.

40. The Defendants admit the allegations contained in paragraph 40 of the Amended Complaint, except they deny any allegation, inference, or contention that Lichtenstein knew that the deposit slip was fake.

41. The Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42. The Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

43. The Defendants admit the allegations contained in paragraph 43 of the Amended Complaint.

44. The Defendants incorporate and adopt herein by reference their responses to the allegations contained in paragraphs 1 through 43 of the Amended Complaint.

45. The Defendants admit that Lichtenstein incorporated Titan and, for that limited purpose, initially named himself a director of Titan, and they deny the remaining allegations contained in paragraph 45 of the Amended Complaint.

46. The Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. The Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

48. The Defendants incorporate and adopt herein by reference their responses to the allegations contained in paragraphs 1 through 47 of the Amended Complaint.

49. The Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50. The Defendants admit that Lichtenstein was initially a director of Titan, and deny the remaining allegations contained in paragraph 50 of the Amended Complaint.

51. The Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52. The Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

53. The Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. The Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.

55. The Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56. The Defendants incorporate and adopt herein by reference their responses to the allegations contained in paragraphs 1 through 55 of the Amended Complaint.

57. The Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

58. The Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59. The Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

60. The Defendants incorporate and adopt herein by reference their responses to the allegations contained in paragraphs 1 through 59 of the Amended Complaint.

61. Paragraph 61 contains statements of law to which the Defendants are not required to respond. To the extent a response is required, the Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 61, but expressly deny that Lichtenstein participated, directly or indirectly, or had any knowledge any fraudulent acts alleged in the Amended Complaint.

62. The Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63. The Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64. The Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65. The Defendants incorporate and adopt herein by reference their responses to the allegations contained in paragraphs 1 through 64 of the Amended Complaint.

66. The Defendants admit that Lichtenstein is an Illinois-licensed attorney, but deny the remaining allegations contained in paragraph 66 of the Amended Complaint.

67. The Defendants admit that, in his capacity as an attorney, Lichtenstein owes a duty to exercise care and competence in obtaining information for and communicating information to his clients within the terms and scope of his engagement, but they deny the remaining allegations contained in paragraph 67 of the Amended Complaint.

68. The Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69. The Defendants deny the allegations contained in paragraph 69 of the Amended Complaint.

70. The Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71. The Defendants deny they are responsible for any damages alleged in the Amended Complaint, or that Plaintiffs are entitled to damages.

72. Any allegations contained in the Amended Complaint that are not expressly and specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' claims are barred in whole or part by the doctrine of assumption of the risk.

2. The Plaintiffs' claims are barred in whole or part by the doctrine of contributory negligence.

3. The Plaintiffs' alleged damages, if any exist, were caused by the conduct of persons or entities over which the Defendants exercise no actual control or right of control.

4. The named Plaintiffs herein lack standing and or capacity to pursue some or all of the claims asserted in the Amended Complaint.

5. The Plaintiffs' claims are barred in whole or part by the doctrines of waiver, estoppel, res judicata and collateral estoppel.

6. The Plaintiffs' claims are barred in whole or part by the doctrines of payment and/or release.

7. The Plaintiffs' alleged damages were caused in whole or part by a superseding, intervening cause.

8. The Plaintiffs' claims are barred in whole or part by the statute of limitations.

9. The Plaintiffs failed to mitigate their alleged damages.

10. The Defendants reserve the right to supplement these affirmative defenses based on information obtained during discovery.

Respectfully submitted,

**LARRY B. LICHTENSTEIN**
**LARRY B. LICHTENSTEIN & ASSOCIATES**
*Defendants*
By Counsel:

**ECCLESTON AND WOLF, P.C.**

By: /s/ *Matthew A. Ranck*
    Matthew A. Ranck (D.C. Bar # 484983)
    William L. Mitchell, II (D.C. Bar # 476101)
    2001 S Street, N.W., Suite 310
    Washington, DC 20009
    Tel. (202) 857-1696
    Fax (202) 867-0762
    Ranck@ewdc.com
    wmitchell@ewdc.com

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Answer to Amended Complaint was transmitted by electronic mail pursuant to the Court's Electronic Filing Procedures on this 4th day of August 2006, to:

Gregory D. Grant, Esquire
SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.
11921 Rockville Pike, Third Floor
Rockville, Maryland 20852
*Counsel for Plaintiffs*

/s/ *Matthew A. Ranck*
Matthew A. Ranck