IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FC INVESTMENT GROUP LC, <u>et al</u>.<br><br>Plaintiffs,<br><br>v.<br><br>LARRY B. LICHTENSTEIN, <u>et al</u>.<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:05-cv-01753-RMC<br>)<br>)<br>)<br>)<br>)<br>) |

## RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule LCvR 16.3 and this Court's August 14, 2006 Order, Gregory D. Grant, Esq., counsel for Plaintiffs FC Investment Group, LC and Lawrence J. Eisenberg (collectively, "Plaintiffs" or "FCIG") and Matthew Ranck, Esq. and William Mitchell, Esq., counsel for Defendants Larry Lichtenstein and Larry B. Lichtenstein & Associates (collectively, "Defendants" or "Lichtenstein"), conferred on August 16, 2006 regarding the topics set forth in LCvR 16.3 and respectfully submit the following joint report outlining the results of the conference:

### Statement of the Case

**For the Plaintiffs**: This is an action for piercing of the corporate veil, compensatory and punitive damages against Lichtenstein arising from his role in a conspiracy led by Titan Global Strategies, Ltd. ("Titan") to defraud FCIG out of millions of dollars in a fraudulent foreign currency investment scheme. FCIG has secured a $6.5 million judgment against Titan in Wisconsin state court. Lichtenstein was one of two directors of Titan, and formed Titan along with his friend, client and business partner, Milan Martinic ("Martinic"). Titan was a sham entity created for the purpose of fraudulently inducing investors, such as FCIG, to invest in a

fraudulent currency program. Titan actually placed no investments and existed solely to shield its principals from personal liability. As a result, the corporate form should be disregarded and Lichtenstein should be personally liable for FCIG's judgment against Titan. In addition, Lichtenstein, both in his role as a director of Titan and as Martinic's attorney, made material representations of fact that were designed to, and did, induce Plaintiffs to invest millions of dollars in the fraudulent foreign currency investment scheme. Moreover, once Titan's and its board members' activities were revealed to be fraudulent, Lichtenstein tendered false documents to induce FCIG to refrain from filing suit. As a result, FCIG is entitled to recover from Lichtenstein its lost investment, prejudgment interest, attorney fees and punitive damages. The amended complaint asserts claims for piercing the corporate veil, intentional fraud/fraud in the inducement, civil conspiracy, civil aiding and abetting, and negligent misrepresentation. The statutory basis for this Court's jurisdiction is 28 U.S.C. § 1332 (Diversity of Citizenship), as the parties are citizens of different states and the amount in controversy exceeds $75,000.

**For the Defendants**: The Plaintiffs, a lawyer and the investment group he established for the purpose of allowing friends and family to place individual investments, allegedly lost more than $5,000,000 in an allegedly fraudulent investment program created and controlled by Milan Martinic and his company, Titan Global Strategies, Inc. ("Titan"). The invested funds and Martinic's whereabouts are presently unknown, and the Plaintiffs have consistently blamed others for the loss of the invested funds. Continuing that trend, Plaintiffs filed this action against Larry B. Lichtenstein and his law firm, alleging misconduct in connection with the creation of Titan and complicity with Martinic and others in a conspiracy to defraud Plaintiffs and their investors in connection with the Titan investment program. Many of the allegations in the operative complaint are patently and demonstrably false; others are factually accurate statements

twisted out of context in an effort to cast suspicion, blame and, ultimately, liability, on Lichtenstein for the improper acts by persons over which Lichtenstein had no ability, power, or duty to control, and of which he had no knowledge.

Lichtenstein was Martinic's attorney with regard to certain limited matters, and, in that capacity, he filed the paperwork required by the State of Illinois to give Titan its legal existence. Lichtenstein and Martinic were never business partners, and Lichtenstein did not participate in the management, operation, or business of Titan that is the subject of the instant action. Similarly, Defendants never received or controlled any of the invested funds, nor did they have access to any of Martinic's or Titan's accounts. Rather, Lichtenstein's limited involvement with Titan consisted primarily of acting as a conduit of information from Martinic and others to Plaintiffs, and occurred after much of the alleged investment had been made without any due diligence or similar inquiry by Plaintiffs. Plaintiffs ultimately sued Martinic and Titan in Wisconsin, and received a substantial consent judgment. When that judgment proved to be uncollectible, Plaintiffs – unable to locate Martinic and under intense pressure from their investors – filed this action against Lichtenstein. Defendants deny any wrongdoing, and believe any and all losses Plaintiffs may have suffered were the result of Plaintiffs' own actions, as well as those of others over whom Defendants had no control and about which Defendants had no knowledge. The Defendants are confident that they will be vindicated at the conclusion of this case.

## LCvR 16.3 Topics

1) **Dispositive Motions:**

   Neither FCIG nor Lichtenstein currently intends to file a motion for summary judgment prior to discovery. FCIG and Lichtenstein thus requests that this Court proceed with discovery and other pre-trial matters immediately.

2) **Joinder of Parties/Amendment of Pleadings by:** December 15, 2006.

3) **Magistrate Judge:** The parties do not unanimously consent to proceed before a Magistrate Judge.

4) **Possibility of Settlement:** The parties discussed settlement prior to institution of this action, and intend to continue settlement discussions. However, due to the divergent views of the parties regarding Lichtenstein's role in the facts underlying this dispute, counsel do not believe that settlement will occur at this early stage in the proceedings.

5) **Viability of ADR:** The parties agree that ADR may be useful after the close of discovery, and thus suggest that the parties reserve June 1-8, 2007 for conducting ADR.

6) **Dispositive Motions Deadline**:

   a) **Motions**:     July 9, 2007

   b) **Oppositions**: August 10, 2007

   c) **Replies**:     August 24, 2007

7) **Pre-Discovery Disclosures**: The parties propose that Fed. R. Civ. P. 26(A)(1) Disclosures should be exchanged by September 22, 2006.

8) **Discovery:**

   a) **Deadlines:**

   i) All Discovery Completed By:    May 31, 2007

4

      ii) Interrogatories, Requests for Admissions and Requests for Production of Documents Propounded By:   March 30, 2007

      iii) Depositions Completed By: May 31, 2007

  b) **Limits**:  The parties agree to initially comply with the discovery limitations imposed by the Federal Rules of Civil Procedure, however, the parties reserve the right to seek leave of court to exceed those limitations should the need arise.

9) **Expert Deadlines:**

    a) Plaintiffs' Expert Reports:    March 2, 2007

    b) Defendants' Expert Reports:    April 2, 2007

    c) Rebuttal Expert Reports:    May 1, 2007

    d) Expert Depositions:    May 31, 2007

10) **Class Actions:  N/A**

11) **Bifurcation**:  The parties do not believe that discovery or the trial of this matter should be bifurcated.

12) **Date for Pre-Trial Conference**:  The parties suggest that the Court conduct a pretrial conference either: (i) sixty (60) days after rulings on dispositive motions, or (ii) in the event no dispositive motions are filed, ninety (90) days after the close of the ADR period set forth in Section 5 above (June 1-8, 2007).

13) **Trial Date**:  The parties expect that a firm trial date will be set at the pretrial conference.

14) **Other Matters**:  None at this time.

Dated: August 22, 2006                    Respectfully submitted,


                                          _____/s/ Gregory D. Grant_____

                                          Gregory D. Grant, Bar Nox. 441662
                                          SHULMAN, ROGERS, GANDAL,
                                           PORDY & ECKER, P.A.
                                          11921 Rockville Pike, 3rd Floor
                                          Rockville, MD 20852
                                          Phone: (301) 230-5200
                                          Fax:    (301) 230-2891

                                          Counsel to Plaintiffs FC Investment Group, LC
                                          and Lawrence J. Eisenberg



                                          _____/s/  William L. Mitchell*_____