IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**FC INVESTMENT GROUP LC, et al.**  )
                                   )
    Plaintiffs,                    )
                                   )   Case No. 1:05-cv-01753-RMC
    v.                             )
                                   )
**LARRY B. LICHTENSTEIN, et al.**   )
                                   )
    Defendants.                    )
_____)

**MOTION FOR ENTRY OF
PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

Plaintiffs FC Investment Group, LC (hereinafter "FCIG") and Lawrence Jay Eisenberg (hereinafter "Mr. Eisenberg"), by and through their undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., move this Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential. In support of this Motion, Plaintiffs respectfully draw the Court's attention to the attached supporting Memorandum of Points and Authorities and request that it be incorporated herein.

WHEREFORE, Plaintiffs respectfully request that the Court enter the attached Protective Order Governing Discovery Material.

        Respectfully submitted,

        Plaintiffs FC Investment Group, LC and
        Lawrence Jay Eisenberg
        By Counsel

SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.

By:    /s/
   Gregory D. Grant (Bar No. 013942)
   11921 Rockville Pike, Third Floor
   Rockville, Maryland 20852
   (301) 230-5200
   (301) 230-2891 (Facsimile)

Attorneys for Plaintiffs FC Investment Group, LC
and Lawrence Jay Eisenberg

## CERTIFICATION OF ATTEMPT TO CONFER TO RESOLVE DISPUTE

      Counsel exchanged written correspondence on October 23, October 26, November 3, November 8, November 15, and November 16, 2006, regarding the proposed Protective Order Governing Discovery Materials. Further, counsel conferred in good faith via teleconference on December 1, 2006, to no avail.

                    /s/
                    Gregory D. Grant

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2006, a copy of the foregoing Motion for Entry of Protective Order Governing Discovery Materials, the accompanying Memorandum of Points and Authorities, and the proposed Order were served electronically upon:

> William L. Mitchell, II
> Matthew A. Ranck
> LAW OFFICES OF ECCLESTON & WOLF, PC
> 2001 S Street, N.W., Suite 310
> Washington, DC 20009
>
> Counsel to Defendants Larry B. Lichtenstein and Larry B. Lichtenstein & Associates

                                         /s/
                                    Gregory D. Grant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**FC INVESTMENT GROUP LC, et al.**   )
                                                    )
      **Plaintiffs,**                         )
                                                    )  Case No. 1:05-cv-01753-RMC
      v.                                       )
                                                    )
**LARRY B. LICHTENSTEIN, et al.**        )
                                                    )
      **Defendants.**                       )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ENTRY OF
<u>PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL</u>**

Plaintiffs FC Investment Group, LC (hereinafter "FCIG") and Lawrence Jay Eisenberg (hereinafter "Mr. Eisenberg"), by and through their undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., move this Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

This case involves a fraudulent investment scheme promoted and run by Titan Global Strategies, Ltd. ("Titan"). Defendant Larry B. Lichtenstein ("Mr. Lichtenstein") and Larry B. Lichtenstein & Associates ("Lichtenstein and Associates"), were legal counsel to Titan. Plaintiffs were investors in Titan and relied upon representations made by Defendants in connection with their investments. Mr. Lichtenstein also failed to disclose at the time of his representations concerning Titan that he was a director of Titan and therefore had a conflict of interest.

Plaintiffs served timely responses Defendants' discovery requests on October 23, 2006. Plaintiffs also forwarded a proposed Protective Order Governing Discovery

4

Materials (the "Protective Order") in this matter and requested Defendants' consent to its entry. Following an exchange of correspondence and a telephone conference,[1] Defendants continue to refuse to consent to the entry of the proposed Protective Order or, for that matter, to even pursue good faith discussions concerning the entry of a variation of this proposed Order.

## II.    ARGUMENT

Plaintiffs request entry of this Protective Order to adequately protect material entitled to be kept confidential and to facilitate the prompt resolution of disputes over confidentiality.

The documents sought by Defendants' discovery requests contain personal, non-public information that Plaintiffs are obligated to protect from scrutiny in this day and age of identity theft and in this particular case involving a scheme to defraud personal investors in excess of $4 million. Defendants' document requests call for all documents concerning investments in Titan. FCIG served as a conduit through which approximately seventeen (17) other individuals and/or entities invested in Titan. FCIG therefore has documents which contain confidential information including but not limited to the date of birth, social security number, and bank account number of each of these persons or entities, as well as similar personal identifying information for Mr. Eisenberg, himself.

The confidential, non-public nature of this personal information – which is interspersed throughout the Titan investment documents – warrants the entry of the mutually applicable Protective Order proposed by Plaintiffs.

---

[1] Counsel exchanged correspondence on October 23, October 26, November 3, November 8, November 15, and November 16, 2006. Counsel also conferred at length by telephone on December 1, 2006, to no avail.

5

Defendants have yet to articulate any prejudice to them should the proposed Protective Order be entered, nor can they, as only documents designated "confidential" will be protected, *see* Proposed Protective Order ¶ 5, and the Protective Order sets forth a prompt method by which a party may challenge that "confidential" designation. *See id.* ¶19. The burden of proving that the document is confidential is on the party claiming the designation if the matter must be brought to the Court's attention. *See id.*

Given that the essential documents at issue in this case will likely involve communications between Mr. Eisenberg and Mr. Lichtenstein, and not the documents containing the social security numbers and dates of birth of the various Titan investors, there seems to be no reason why Defendants should object to this reasonable and commonly utilized method of shielding the investors' personal information from the public eye by restricting its use and disclosure for the purposes of this litigation only.

### III.    CONCLUSION

Plaintiffs seek entry of the attached protective order so that they may shield from public disclosure certain personal and confidential information, including but not limited to the social security number, date of birth, and banking information of more than seventeen persons who have already been financially defrauded by Titan and its agents, including Mr. Lichtenstein. The order will protect only those documents designated as "confidential" by the producing party, and, if a designation is disputed and cannot be resolved among the parties, the issue can be promptly raised with the Court with the burden on the designating party to demonstrate the propriety of its designation.

Plaintiffs would be remiss to disseminate the private information of those investors defrauded by Titan without the protection of the Protective Order and the

guarantees of confidentiality that it provides. Moreover, Plaintiffs are rightfully concerned by Defendants' refusal to limit the use and disclosure of this personal and confidential information solely for the purposes of this litigation <u>only</u>.

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an appropriate protective order to protect the rights and interests of not only the named parties but other private citizens to whom Plaintiffs owe a duty regarding same. To that end, Plaintiffs concurrently submit the proposed Protective Order – previously provided to Defendants – for its consideration and entry.[2]

                                                          Respectfully submitted,

                                                          Plaintiffs FC Investment Group, LC and
                                                          Lawrence Jay Eisenberg
                                                          By Counsel

SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.


By: _____/s/_____
    Gregory D. Grant (Bar No. 013942)
    11921 Rockville Pike, Third Floor
    Rockville, Maryland 20852
    (301) 230-5200
    (301) 230-2891 (Facsimile)

    Attorneys for Plaintiffs FC Investment Group, LC
    and Lawrence Jay Eisenberg

---

[2] In fact, counsel for Plaintiffs and Defendants reviewed the proposed Protective Order during their meet and confer conference on December 1, 2006. Counsel even went so far as to negotiate modifications to the proposed Protective Order, expressly addressing issues raised by counsel for the Defendants. Notwithstanding these good faith efforts, and at the conclusion of this negotiation, counsel for Defendants still remained unable to consent to this Protective Order and, thus, Plaintiffs have been forced to file this motion.