**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **FC INVESTMENT GROUP LC, et al.** | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) **Case No. 1:05-cv-01753-RMC** |
| **v.** | ) |
|  | ) |
| **LARRY B. LICHTENSTEIN, et al.** | ) |
|  | ) |
| **Defendants.** | ) |

_____)

**PROTECTIVE ORDER**
**GOVERNING DISCOVERY MATERIAL**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon consideration of

Plaintiffs' Motion for Entry of Protective Order Governing Discovery Material, and any Opposition

thereto, the Court has determined that it is appropriate to enter such an Order.  It is therefore

ORDERED:

1.      Applicability of Order.  This Order shall govern the handling, use, and disclosure

of documents (as that term is most broadly construed under Fed. R. Civ. P. 26 and 34),

depositions and deposition exhibits, interrogatory answers, responses to requests for admissions,

and other written, recorded, graphic or other matter ("Discovery Material"), produced (whether

pursuant to Court Order, Fed. R. Civ. P. 26, Fed. R. Civ. P. 33, Fed. R. Civ. P. 34, subpoena,

agreement, or otherwise) during these proceedings by any party or any third party who has

expressly agreed in writing to be bound by the terms of this Order.  Discovery Material also

includes each and every copy, compilation, abstract, summary, digest, and by-product of any of

the foregoing created by any recipient thereof.

2.    <u>Non-disclosure of Protected Discovery Material</u>.  Except with the prior written consent of the producing party or as expressly permitted herein, any Discovery Material that the producing party designates as CONFIDENTIAL shall be considered "Protected Discovery Material" and shall not be disclosed to any person or used for any purpose.

3.    <u>Designation of Protected Discovery Material</u>.

a.    A designation of CONFIDENTIAL shall be made by stamping (or affixing) "CONFIDENTIAL" on each page of the Discovery Material to be treated as Protected Discovery Material.  If the Discovery Material is non-documentary in nature (for example, a diskette, tape, CD, DVD, physical exhibit, or thing), the designation shall be placed either on the physical exhibit or thing itself or on the case, container or envelope containing the Discovery Material.

b.    If the Discovery Material is being produced at the producing party's designated location for on-site inspection and related activities pursuant to Fed. R. Civ. P. 34, any such Discovery Material shall be regarded as CONFIDENTIAL, thereby making it subject to this order, and the inspection of Discovery Material shall be conducted only by persons permitted access to Protected Discovery Material under Paragraph 8 below. Copies of such Discovery Material thereafter provided to a party shall be stamped or affixed with an appropriate designation, in accordance with subparagraph (a) above, by the producing party at the time the Discovery Materials selected by the reviewing party are provided to the reviewing party.  Production of Discovery Materials by making them available for on-site inspection and relating activities shall not constitute a waiver in whole or in part of confidentiality, attorney-client privilege or work product immunity.

4.    Designation of Deposition Testimony.    The following procedures shall be followed if Protected Discovery Material of a producing party is discussed or disclosed in a deposition:

a.    The producing party or any other party who has rights under this Order to designate Discovery Material as Protected Discovery Material ("Designating Party") shall have the right to exclude from attendance at the deposition, during such time as the Protected Discovery Material is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons permitted access to said Protected Discovery Material under Paragraph 8 below.

b.    The Protected Discovery Material shall be designated as CONFIDENTIAL at the request of counsel for the Designating Party.

c.    If a request under subparagraph (b) above is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains CONFIDENTIAL information and additionally shall separately bind and identify as CONFIDENTIAL the portions of the transcript in which such information is contained.  The reporter shall be instructed not to furnish copies of any such portion of the deposition testimony or exhibits, or disclose the information designated as Protected Discovery Material, to any person other than outside counsel of record in this action.

d.    Alternatively, a request under subparagraph (b) above may be made in writing within five (5) business days after the requesting counsel receives a copy of the transcript of the deposition.  The request shall contain a list of the page and line numbers of the transcript that are to be designated as containing CONFIDENTIAL information, and specific designations for each item or group of items on the list.  The requesting

3

counsel shall insert the list before the cover page of the transcript and shall mail, email or fax copies of the list to counsel for all parties, as well as all other attendees (other than the court reporter) so that it may be affixed to the face of the transcript and each copy thereof.  Whether or not a designation is made at the time of a deposition, all depositions shall be treated as containing CONFIDENTIAL information from the taking of the deposition until six (6) business days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever occurs first.

5.     Discovery Material Designated CONFIDENTIAL.  CONFIDENTIAL material is Protected Discovery Material that, in the good faith opinion of the Designating Party, (i) constitutes or contains a trade secret or other confidential research, development, proprietary, commercial, financial, or personal information, or (ii) would violate an obligation of confidentiality to a third party, including a court.

6.     Independent Consulting and/or Testifying Experts.  As used herein, the term "Independent Consulting and/or Testifying Experts" means a consulting or testifying expert retained for the purpose of this litigation, not a current employee of a party or of a person or entity affiliated with a party to this action.

7.     Use of Protected Discovery Material Generally.  Persons obtaining access to Protected Discovery Material under this Order shall use the information only for preparation and trial of this litigation (including appeals) and shall not use such information for any other purpose whatsoever, including business, governmental, commercial, or in connection with any administrative or other judicial proceedings (including any other litigation).  However, a party may use Protected Discovery Material as the basis for filing an amended or additional claim or counterclaim in this action.

8.　　Permissible Disclosure.  Protected Discovery Material may be disclosed only by prior written consent of the Designating Party or subject to the restrictions described below. Persons with access to Protected Discovery Material shall not further disclose or communicate the Protected Discovery Material except in accordance with the restrictions of this Protective Order.  Protected Discovery Material shall not be disclosed to anyone other than:

　　　　a.　　outside counsel specially retained by any party to render advice, guidance or counsel for the purposes of this litigation and such outside counsel's paralegals, legal assistants, secretaries, project assistants and office personnel regularly employed by such outside counsel and assigned to assist such outside counsel in this litigation; outside copying, language translation, jury consultants and mock jurors retained by such consultants; outside persons assisting in document storage, production and coding; and outside graphics services personnel, all as reasonably necessary to perform such services under the supervision of outside counsel of record;

　　　　b.　　the Court and court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

　　　　c.　　Independent Consulting and/or Testifying Experts;

　　　　d.　　in-house counsel for the non-designating party, or counsel for the non-designating party's insurance carrier and such in-house or insurance counsel's paralegals, legal assistants, secretaries, project assistants and office personnel regularly employed by such counsel and assigned to assist such counsel for the purposes of this litigation or claim emanating from this litigation;

　　　　e.　　up to three (3) employees of the non-designating party who may use their

knowledge and expertise to assist legal counsel, but only as reasonably necessary in support of this litigation;

f.        a non-designating individual who is a party to this litigation; and

g.        up to five (5) individuals identified in any parties' Rule 26(a)(1)

Disclosures as being likely to have discoverable information which may be used to support their claims or defenses.

9.        Signed Acknowledgement.    Before Protected Discovery Material may be disclosed as permitted in Paragraph 8(c), 8(e) or 8(g), the person to whom the Protected Discovery Material is to be disclosed must first agree to be bound by this Order by reading the Order and signing the acknowledgement form attached hereto as Exhibit A.   A copy of the signed acknowledgement shall be retained by counsel for the party making the disclosure, and, if the expert or consultant already has been identified by the party who retained him or her, a copy is to be provided upon request to counsel for any other party.

10.        Exceptions to Confidentiality Status.  Information will not be deemed protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

a.        is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise;

b.        is already legitimately in the possession of the receiving party at the time of production;

c.        is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party; or

d.    is developed independently by a party as reflected in written documents prepared prior to disclosure by the producing party.

11.    Third Party Production.  A party may designate in writing within five (5) business days after production of documents or information by a third party through compulsory process or with the authorization of a party that some or all of the produced documents or information be treated as Protected Discovery Material.  The designation shall contain a list identifying the information designated as CONFIDENTIAL.  Upon receiving a designation in accordance with this paragraph, any party in possession of such information will label and treat it according to the designation.  Any party receiving documents from a third party through compulsory process or with the authorization of a party shall treat said documents as CONFIDENTIAL for six (6) business days following their receipt.

12.    Disclosure in Certain Circumstances.  Nothing in this Order shall preclude a party or its attorneys from:

a.    showing a document designated as Protected Discovery Material to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received it;

b.    disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as Protected Discovery Material; or

c.    examining at deposition or trial any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Protected Discovery Materials.  The showing to a deponent of Protected

7

Discovery Material pursuant to any provision of this paragraph shall not otherwise affect

the status and treatment of such Protected Discovery Material.

13.     Use of Protected Discovery Material in Depositions.    Protected Discovery

Material may be used during the deposition of any witness who otherwise is permitted access to

such material pursuant to the terms of this Order.  With respect to all other deponents, such

material may be used to examine a witness in any deposition only with the prior consent of the

Designating Party (which consent shall not be unreasonably withheld).    The showing to a

deponent of Protected Discovery Material pursuant to any provision of this paragraph shall not

otherwise affect the status and treatment of such Protected Discovery Material.  In the event any

Designating Party withholds consent to disclose Protected Discovery Material to a deponent

during a deposition, the party seeking disclosure may move the Court for an appropriate order,

which motion the Court will consider after affording opposing counsel an opportunity to

respond.  Such motion may be made orally, in person or by telephone, provided the nonmoving

party is present or able to participate.    The Designating Party shall have the burden of

demonstrating that the Protected Discovery Material is entitled to protection pursuant to Federal

Rule 26(c); the party seeking disclosure shall have the burden of demonstrating the need for

disclosure to the particular deponent.  The Protected Discovery Material at issue shall not be

shown to the particular deponent unless and until the parties agree or a Court so orders.  Prior to

disclosing Protected Discovery Material to the deponent, the deponent must first agree to be

bound by this Protective Order as provided in Paragraph 9.

14.     Use of Protected Discovery Material in Court Proceedings.  Protected Discovery

Material may be offered in evidence at trial or any court hearing, provided that the proponent of the

evidence gives reasonable advance notice to counsel for the party that designated the information as

Protected Discovery Material.  Before such materials are disclosed, any party may move the Court

for an order that the evidence be received in camera or under other conditions to prevent

unnecessary disclosure.  The Court will then determine whether the proffered evidence should

continue to be treated as confidential information and, if so, what protection, if any, may be afforded

to such information at the trial or hearing.

        15.       Use of Protected Discovery Material in Filings with the Court.

        a.       In the event a party wishes to use any Protected Discovery Material, or

any papers containing or making reference to the contents of such Protected Discovery

Material, in any pleading or document filed with the Court in this litigation, such

pleading or document and Protected Discovery Material shall be filed under seal, until

such time as the Court orders otherwise or denies permission to file under seal, and such

Protected Discovery Material, information or papers shall plainly state on the first page of

any bound or stapled document "**Confidential – Filed Under Seal**" and shall be filed

only in sealed envelopes on which shall be endorsed the caption of this action and a

statement substantially in the following form:

"DOCUMENT UNDER SEAL" or
"DOCUMENTS SUBJECT TO PROTECTIVE ORDER"

      This envelope contains documents that are subject to a Stipulation
and Protective Order Governing Discovery Material entered by the
Court in this action.  This envelope shall neither be opened nor the
contents revealed except by Order of the Court.

The face of the envelope/box shall also contain the case number, the title of the Court, a

descriptive title of the document and the case caption unless such information is to be, or

has been included among the information ordered sealed. The face of the envelope/box

9

shall also contain the date of any order, or the reference to any statute permitting the item sealed.

b.    Any document filed with the Court is presumptively a public document. Therefore, whenever a party files any document under seal with the Court, that party shall simultaneously file a motion requesting that the Court enter an order permitting the document to remain under seal.  Filings of sealed materials must be made in the Clerk's Office during the business hours of 9:00 a.m. and 4:00 p.m. daily except Saturdays, Sundays and legal holidays.  Pursuant to the Court's rules, the filing should include an original, one paper copy for the Court, and PDF files of the sealed documents on a floppy or compact disk that is clearly labeled with the Case Number and the name of the document.  These materials may not be left in the overnight drop box or e-mailed to the generic e-mail box.

The parties agree to follow in an expeditious manner any additional procedures imposed by the Court, including Local Rule 5.1(j) of the Local Rules of Practice for the United States District Court for the District of Columbia as a prerequisite to filing any document under seal.

16.    Inadvertent Failure to Designate.  The inadvertent failure of a party to designate Discovery Material as Protected Discovery Material shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as Protected Discovery Material.  Good faith disclosure of such material by any party prior to such later designation, however, shall not be deemed a violation of the provisions of this Order.

17.    Inadvertent Production.  Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged

10

Document"), will not be deemed to waive any privilege. The producing party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof (except counsel may retain one copy of each document for which the returning party moves production of from the Court). The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18.    <u>Objections to Designation</u>.  Any party may object to the designation of any material or testimony as CONFIDENTIAL/Protected Discovery Material by giving written notice to the producing party that it objects to the designation. The parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court after good faith efforts to resolve the dispute have failed or fifteen (15) business days after providing said written notice of its disagreement, whichever is sooner. Until the Court rules on the motion, the documents shall be treated as Protected Discovery Material, as originally designated. The burden of providing that the information has been properly designated CONFIDENTIAL, and is to be treated as Protected Discovery Material, is on the party making such designation.

19.    <u>No Waiver of Right or Obligation to Object to Production</u>. Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter

of any request for production of documents in this action, nor as a waiver by any party of its obligation to respond properly to discovery requests.  The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.  Further, the use of the term CONFIDENTIAL herein or by virtue of documents being designated as such pursuant to this Order shall not raise any inference as to the confidentiality or legal status of such information or constitute a finding or admission that such documents are, in fact, confidential and/or proprietary in nature.  In addition, disclosure of Protected Discovery Material pursuant to discovery or the procedures set forth in this Order does not constitute a waiver of any trade secret, intellectual property, proprietary right, or other right or claim to, in, or with respect to such Protected Discovery Material.

20.    Client Consultation.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with this litigation and, in the course thereof, relying generally on examination of Protected Discovery Materials.

21.    Non-Termination.  After the final termination of this litigation, this Order shall continue to be binding upon the parties hereto (including any nonparties who have agreed to be bound hereby) and upon all persons to whom Protected Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

22.    Subpoenas by Other Courts or Agencies.  If another court or an administrative agency subpoenas or orders production of Protected Discovery Material that a party has obtained

in discovery in this action, the party that has received the subpoena or order shall notify the Designating Party of the pendency of such subpoena or order within ten (10) business days of receiving the subpoena or order or within ten (10) business days before the date of production set forth in the subpoena or order, whichever comes first.  The Designating Party shall then have five (5) business days to notify the person receiving the subpoena of the Designating Party's intent to intervene to resist the subpoena.  Should the Designating Party give notice of such an intent, the party receiving the subpoena shall cooperate with the Designating Party and take reasonable measures to protect the interests of the Designating Party, including objecting to the subpoena on the basis of this Order and taking steps necessary to withhold production while the intervening party's motion is pending.

   23. <u>Return or Destruction of Protected Discovery Material</u>.  Within forty-five (45) days after the final conclusion of all aspects of this litigation (including all appeals), all Protected Discovery Material and all copies of same (other than exhibits of record with the Court) shall be, at the option of the receiving party, either returned to the party or person which produced such material, or shall be destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents, or to counsel for the party who designated the documents CONFIDENTIAL if they were not the producing party, not more than sixty (60) days after final termination of this litigation.  The outside attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, discovery responses (other than the other Parties' produced documents containing information designated as CONFIDENTIAL), deposition transcripts, legal memoranda, correspondence, and work product.

24.     Modification Permitted.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order.  Further, this Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.  Further, this Order is without prejudice to the right of any party to present a motion to the Court for a separate protective order under the Federal Rules of Civil Procedure as to any particular document, evidence or information.

25.     Designations Not Evidence.  This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as Protected Discovery Materials, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

26.     Responsibility of Attorneys.   The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of documents stamped confidential.   Parties shall duplicate documents stamped CONFIDENTIAL only for working copies in connection with this litigation and for copies to be filed in court under seal.

ENTERED:    _____/_____/_____


JUDGE:        _____
              Rosemary M. Collyer
              United States District Court
              for the District of Columbia

14

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**FC INVESTMENT GROUP LC, et al.**      )
                                    )
         **Plaintiffs,**                )
                                    )   **Case No. 1:05-cv-01753-RMC**
     **v.**                             )
                                    )
**LARRY B. LICHTENSTEIN, et al.**       )
                                    )
         **Defendants.**                )
_____)

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1.    I, _____, have read the foregoing STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL and agree to be bound by its terms with respect to any documents marked CONFIDENTIAL that are furnished to me as set forth in the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

2.    I further agree (a) not to disclose to anyone any document marked CONFIDENTIAL other than as set forth in the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL and (b) not to make any copies of any documents marked CONFIDENTIAL furnished to me except in accordance with the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

3.    I hereby consent to the jurisdiction of the District Court for the District of Columbia with regard to any proceedings to enforce the terms of the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

4.    I hereby agree that any documents, material, or information marked CONFIDENTIAL which are furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be imparted by me to any other person except in accordance with the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

Dated:_____    _____
                                   Signature

                                   _____

                                   _____
                                   Address

15