IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| FC INVESTMENT GROUP, L.C., et al.<br><br>Plaintiffs<br><br>v.<br><br>LARRY B. LICHTENSTEIN, et al.,<br><br>Defendants. | Case No. 1:05-cv-01753-RMC |

## OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL

Defendants Larry B. Lichtenstein and Larry B. Lichtenstein & Associates, by and through their undersigned counsel, Matthew A. Ranck, William L. Mitchell, II and Eccleston and Wolf, P.C., hereby oppose the plaintiffs' motion for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In support of their opposition, the Defendants respectfully draw the Court's attention to the attached supporting Memorandum of Points and Authorities and request that it be incorporated and adopted herein.

WHEREFORE, Defendants respectfully request that the Court deny the plaintiffs' motion for entry of a protective order.

Respectfully submitted,

LARRY B. LICHTENSTEIN
LARRY B. LICHTENSTEIN & ASSOC.
Defendants, By Counsel:

1

ECCLESTON AND WOLF, P.C.

By: _____/s/_____
    Matthew A. Ranck
    William L. Mitchell, II (DC Bar #476101)
    2001 S Street, N.W., Suite 310
    Washington, D.C. 20009
    (202) 857-1696 (T)
    (202) 857-0762 (F)
    *Counsel for Defendants*

## CERTIFICATION OF GOOD FAITH ATTEMPTS TO RESOLVE DISCOVERY DISPUTE

Counsel exchanged written correspondence on October 23, 2006, October 26, 2006, November 3, 2006, November 8, 2006, November 15, 2006, and November 16, 2006 regarding the plaintiffs' proposed protective order, and conferred in good faith via teleconference on December 1, 2006 in an effort to reach an agreement or narrowing of the issues, to no avail.

_____/s/_____
Matthew A. Ranck

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of December 2006, a copy of the foregoing Opposition to Plaintiffs' Motion for Entry of Protective Order Governing Discovery Materials, the accompanying Memorandum of Points and Authorities in support thereof, the Exhibits thereto, were served electronically upon:

Gregory D. Grant, Esquire
SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.
11921 Rockville Pike, Third Floor
Rockville, Maryland 20852

*Counsel for Plaintiffs FC Investment Group, PC
And Lawrence Eisenberg*

/s/
William L. Mitchell, II

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

FC INVESTMENT GROUP, L.C., et al.

    Plaintiffs

v.

LARRY B. LICHTENSTEIN, et al.,

    Defendants.

Case No. 1:05-cv-01753-RMC

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINITFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL

Defendants Larry B. Lichtenstein and Larry B. Lichtenstein & Associates, by and through their undersigned counsel, Matthew A. Ranck, William L. Mitchell, II and Eccleston and Wolf, P.C., hereby oppose the plaintiffs' motion for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**I.   INTRODUCTION**

This case involves an attempt by the primary investors in a foreign currency investment program to punish the Defendants, an Illinois-based attorney and his law firm, for the alleged sins of their client. The plaintiffs obtained a substantial consent judgment against the investment firm and its principal member, and are asserted a variety of baseless claims in this lawsuit in an effort to collect this judgment from the Defendants. In particular, the plaintiffs assert that they relied on alleged misrepresentations by the Defendants in connection with the decision to invest in the program, as well as the nature and extent of the invested funds. The plaintiffs also implicitly maintain that they are

1

prosecuting the instant action on behalf of approximately 17 of their investors who lost money in connection with the foreign currency investment program.

The plaintiffs have filed numerous civil actions in various federal and state courts across the country against family members and business associates of the absconded investment principal in an effort to enforce their judgment. The plaintiffs have also been sued by at least one investor in the program, who alleged that the plaintiff made unreasonable and inaccurate representations regarding the investment program that were not supported by any reasonable due diligence process.

Prior to any discovery by the plaintiffs, the Defendants propounded interrogatories and a request for production of documents upon the plaintiffs. Contrary to the representations in the instant motion for entry of protective order, however, the plaintiffs did not timely respond to the written discovery requests, inasmuch as they have flatly refused to produce any documents whatsoever in connection with their response to the Defendants' request for production. In essence, the plaintiffs have attempted to hold the discovery process in this case hostage by refusing to produce <u>any</u> responsive documents – even those for which no claim of confidentiality, privilege or work product immunity will be made – unless and until the Defendants agree to be bound by the provisions of a burdensome protective order that is not even remotely tailored to the facts of this particular case or the plaintiffs' asserted confidentiality concerns. Moreover, the plaintiffs have refused – despite repeated good faith requests – to make any particularized showing of need for an omnibus protective order in this case. Rather, they simply assert that this is the same protective order they routinely use in commercial litigation. Respectfully, however, defendants do not believe such practice by rote is appropriate.

2

Thus, in light of plaintiff's refusal to agree to an appropriate protective order, the Court should deny the plaintiffs' motion, and refuse to enter the proposed protective order presented by the plaintiffs.

## II.  ARGUMENT

The Defendants recognize that the Court has addressed issues regarding requests for protective orders on many occasions and in many contexts, and it well acquainted with the applicable principles and authorities. Thus, the Defendants will attempt to present in a summary fashion the authorities it finds most persuasive and most applicable to the issues in dispute in the present case.

### A.   Summary of the Applicable Law

As a general matter, courts recognize a presumption in favor of openness rather than secrecy with respect to litigation: "[A]s a general proposition, pretrial discovery must take place in public unless compelling reasons exist for denying public access to the proceedings." Based on this presumption of openness, a protective order should not be entered unless the party seeking such protections satisfies the court that "good cause" exists for the entry of the order. *See Peskoff v. Faber*, 230 F.R.D. 25, 28 (D.D.C. 2005).

In deference to the general presumption and rule of openness, protective orders must be as narrow as possible, with "blanket" or "umbrella" protective orders being disfavored, at least where the matter does not involve complex litigation, and the party seeking to cloak information in secrecy has the burden of demonstrating the need for such secrecy, and must do so through the presentation of facts and specifics, rather than conclusions and generalizations. *Low v. Whitman*, 207 F.R.D. 9, 10-11 (D.D.C. 2002) (citing *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001).

3

In determining whether "good cause" exists, the courts balance the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. *In re: Sealed Case (Medical Records)*, 363 U.S. App. D.C. 214, 381 F.3d 1205, 1215 (D.C. Cir. 2004); *United States v. Microsoft Corp.*, 334 U.S. App. D.C. 165, 165 F.3d 952, 960 (D.C. Cir. 1999) (holding that "Rule 26(c)'s 'good cause' standard... is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case"). Using this approach, the Court is authorized to use its discretion to implement a case-specific "set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests – including privacy and other confidentiality interests – that might be harmed by the release of the material sought." *Id.*, at 1216 (quoting *Pearson v. Miller*, 211 F.3d 57, 65 (3rd Cir. 2000). *See also Tavoulareas v. Washington Post*, 111 F.R.D. 653, 658 (D.D.C. 1986) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978)).

**B.    Application of the law to the situation presented in the case at bar requires denial of Plaintiffs' motion for entry of a protective order.**

The proposed protective order requested by the plaintiff is neither narrowly tailored to the specific facts of this case nor supported by any specific, particularized factual basis demonstrating the existence of "good cause." In this regard, the plaintiffs' assert that their proposed omnibus protective order is necessary to protect the confidentiality of private information (i.e. date of birth, social security number, and bank account numbers) of certain individuals and entities that used them to invest in the foreign currency program at issue in the case, and that the Defendants cannot articulate any prejudice to them that would result from entry of the protective order, inasmuch as

4

the relevant documents in the case will likely include those containing the investors' confidential information. *See* Plaintiffs' Memorandum, at pp. 5.

Setting aside for a moment the question of prejudice, the plaintiffs' essential justification for cloaking this matter in secrecy is to protect confidential business information. In that regard, the courts have uniformly observed that, with respect to claims of confidential business information, the "good cause" standard requires that the movant prove that disclosure will result in a "clearly defined and very serious injury" to its business. This rationale does not justify the remedy sought by the plaintiffs.

First, judging by the breathtaking scope of the proposed protective order submitted by the plaintiffs, they desire the entry of a "blanket" or "umbrella" order that on its face covers all or virtually all documents – whether or not related to the plaintiffs' business – thereby allowing themselves carte blanche to decide what portions of the record shall be kept secret. This approach clearly does not provide for the requisite judicial determination of "good cause," and does not even indicate an attempt to narrowly tailor the protective order to the particular facts of this case.

Second, the plaintiffs' proffered basis for the protective order must be seriously questioned based on their own belief that the documents containing the allegedly confidential investor information do not comprise the essential documents at issue in this case. *See* Plaintiffs' Memorandum, at pp. 6. Frankly, this revelation makes the plaintiffs' refusal to produce <u>any documents</u> in response to the Defendants' legitimate discovery requests even more unjustified and inexplicable.

Third, the Defendants previously proposed that any protective order address limited categories of <u>information</u> that the parties agreed were to be kept confidential

5

consistent with the terms of the proposed protective order, rather than a blanket prohibition on the use of <u>documents</u>. *See* November 16, 2006 correspondence, attached hereto as Exhibit 1. Under this approach, those portions of documents containing any of the categories of confidential information would be subject to the limits on dissemination and disclosure, and a cursory review by the receiving party would identify the producing party's reason(s) for designating a particular document as "confidential." At the same time, the entry of a multi-page document would not be designated as "confidential" when only a small portion of a single page contains confidential information. Furthermore, this approach would reduce, if not eliminate, the number of discovery skirmishes that will inevitably occur under the plaintiffs' approach, which permits the producing party to designate a document as "confidential" with no context, framework or basis for the receiving party to resolve that the designation is appropriate without slowing the progress of discovery to a crawl and resulting in the needless expenditure of party and judicial resources. Unfortunately, the plaintiffs rejected this proposal out of hand, and refused to engage in any significant discussion of its merits. Finally, given the burdensome nature of the hoops defendants will have to jump through in order to interview witnesses and the like, justice requires that only the confidential <u>information</u> in the documents be protected, but not the balance of the documents which contain information that the plaintiffs cannot even contend is confidential.

With respect to the issue of prejudice, the Defendants have suffered and will continue to suffer undue prejudice as a result of the plaintiffs' unjustified refusal to produce any documents responsive to their proper discovery requests unless the Defendants agree to the blanket protective order they have proposed. This practice has

already prejudiced the Defendants' ability to investigate the claims asserted against them, given the plaintiffs' apparent intention to summarily designate large numbers of documents and information obtained from various third parties to this litigation as "confidential" and their desire to severely limit the dissemination of information to third parties. The Defendants note that the plaintiffs (and their counsel of record) have been involved with the issues in the case literally for years, and have actively participated – as plaintiffs and as defendants – in litigation concerning the underlying investment program for a substantial period of time. The plaintiffs' advantage in terms of time and information is exacerbated to an unfairly prejudicial extent by their refusal to participate in discovery where, by their own admission, the majority of documents are not protected from disclosure by privilege, work product, or confidentiality concerns.

C. **The Court should deny plaintiffs' motion for a protective order and enter an order that allows this case to proceed.**

The Defendants submit that the plaintiffs' motion for a protective order should be denied because the plaintiffs have failed to demonstrate that the information they seek to keep secret is confidential business information, because they failed to provide any facts that would permit the Court to determine whether there is requisite "good cause" for the secrecy designation, and because they improperly seek to shift the burden of persuasion and going forward to parties opposing secrecy. However, simply denying the plaintiffs' motion for protective order would be insufficient. Indeed, the plaintiffs have not even provided *a single document* in connection with either their initial disclosures under Rule 26(a)(1) or in response to the discovery requests, claiming that they have a right to refuse to do so in the absence of a protective order.

7

The Defendants have repeatedly requested that the plaintiff provide all documents that do not contain confidential information and/or are not otherwise protected from disclosure by a recognized privilege or the work product immunity, inasmuch as these documents would clearly not be subject to any protective order. *See* Exhibit 1, *supra*; Correspondence dated November 3, 2006, attached hereto as Exhibit 2. These requests have been ignored. Thus, the Defendants respectfully request that the Court enter an order providing that the plaintiffs must produce the documents required under Rules 26(a)(1) and Rule 34 immediately, and making such production subject to provisional confidentiality requirements, with those requirements to be replaced either by the terms of any protective order that might be issued or to be removed entirely if the Court finds that no such protective order is needed.

### III. CONCLUSION

The Defendants respectfully request that the plaintiffs' motion for entry of a protective order by denied and that the plaintiffs be ordered to produce documents in connection with the requirements of Rules 26(a)(1) and 34 of the Federal Rules of Civil Procedure subject to a provisional confidentiality requirement.

Respectfully submitted,

**LARRY B. LICHTENSTEIN**
**LARRY B. LICHTENSTEIN & ASSOC.**
Defendants, By Counsel:

8

**ECCLESTON AND WOLF, P.C.**

By: _____/s/_____
      Matthew A. Ranck
      William L. Mitchell, II (DC Bar #476101)
      2001 S Street, N.W., Suite 310
      Washington, D.C. 20009
      (202) 857-1696 (T)
      (202) 857-0762 (F)
      *Counsel for Defendants*