Law Offices
# Eccleston and Wolf
Professional Corporation

(202) 857-1696
FAX (202) 857-0762
RANCK@EWMD.COM

MATTHEW A. RANCK

SUITE 310
2001 S STREET, N. W.
WASHINGTON, D. C. 20009-1125

7TH FLOOR, SCARLETT PLACE
729 E. PRATT STREET
BALTIMORE, MARYLAND 21202-4460
(410) 752-7474

SUITE 101-B
4084 UNIVERSITY DRIVE
FAIRFAX, VIRGINIA 22030
(703) 218 5330

FILE COPY

November 16, 2006

**VIA FACSIMILE TO (301) 230-2891**
**VIA FIRST CLASS MAIL**

Gregory D. Grant, Esquire
Erin J. Ashbarry, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, Third Floor
Rockville, Maryland 20852

    Re:    *FC Investment Group, LC, et al. v. Larry B. Lichtenstein, et al.*
            U.S. District Court, District of Columbia
            Case No. 1:05-cv-01753-RMC-AK

Dear Counsel:

I am in receipt of your November 8, 2006 fax responding to my concerns regarding the insufficiency of the plaintiffs' written discovery responses in the above-referenced matter. This letter is my response to the contentions in your fax and should be construed as another good faith attempt to resolve this existing discovery dispute.

1.    **Protective Order**

As I understand it, you will not permit me to review or inspect <u>any</u> documents that are responsive to my client's document requests, even through there are certainly documents that are not privileged, not protected by the attorney work product doctrine, and not subject to the considerations pertinent for the entry of a protective order. As I indicated to you previously, I simply cannot agree that the entry of such a broad and comprehensive protective order as you have proposed is a commonplace occurrence, particularly where the party seeking the order fails to articulate a reason why such protection is necessary or even advisable. Nor have you even advised as to the number or percentage of documents you believe would be covered.

The only potential justification you have provided for the protective order concerns preventing the financial information of non-party investors from public disclosure. I think you would agree with me that this objective could be achieved by means simpler and less restrictive than the overarching protective order you have proposed; namely, by providing redacted copies of the documents requested that contain this information, along with a log setting forth the nature of the information redacted.


EXHIBIT 1

Eccleston and Wolf PC

Gregory D. Grant, Esquire
November 16, 2006
Page 2

Moreover, I respectfully disagree with your assertion that "every category of documents ... can be expected to include documents containing this kind of non-public, confidential information." Even a cursory review of the document requests is sufficient to refute this contention, as many, if not all, of the requests seek documents entirely unrelated to the third-party investors. Nevertheless, I must continue to insist on the immediate production of all documents that you would not designate as confidential or protected. To date, you have given no explanation for withholding these documents.

I must also disagree with your statement that "given the material nature of the proposed Order, we cannot imagine any way in which this proposed Order would prejudice the Defendants' defense in this matter." First, as previously indicated, we do not accept your unsupported statement that the proposed protective order is "material," particularly in light of the insubstantial reasons that have been articulated in support of the proposed protective order to this point. Second, the prejudice to the Defendants arises from the imposition of a complicated scheme designed to thwart the exchange of discoverable information in this case. The proposed order, as presently phrased, places undue limitations on the use of information properly obtained through the discovery process, which stands contrary to the provisions of the Federal Rules and the common practice in the federal courts, and will dramatically and unnecessarily increase the costs of this litigation.

Based on the foregoing, and incorporating the information previously provided to you in this regard, I am once again respectfully asking you to take the following actions to cure the plaintiffs' non-compliance with the applicable discovery rules:

- <u>Immediately</u> produce all responsive documents for which no attorney-client privilege or attorney work product protection is claimed, inasmuch as these materials should have been produced several weeks ago. This obviously includes all documents that would not be subject to your proposed protective order.

- <u>Immediately</u> produce a complete privilege log identifying all documents that are being withheld from production on the basis of the attorney-client privilege, the attorney work product doctrine, or other similar doctrine justifying non-disclosure. This will enable us to test the applicability of any non-disclosure principle(s), and make a determination whether to challenge the non-disclosure by appropriate application to the Court.

- <u>Immediately</u> provide us with some method for determining the volume of the documents you contend are subject to the proposed protective order, such as a total number of documents for which the protection is claimed or a number that represents the percentage of the universe of responsive documents for which the protection is claimed. This information will assist us in challenging your assertions regarding the need for a protective order if your client continues to unreasonably impede the progress of discovery.

Eccleston and Wolf PC

Gregory D. Grant, Esquire
November 16, 2006
Page 3

- Produce, within a set time period, a complete log identifying all documents that you believe are subject to the proposed protective order, so that we can test this proposition and petition the Court for appropriate relief, if necessary.

**2.   Privilege Log**

As noted above, I would respectfully ask that you provide a privilege log of withheld documents immediately. Under the circumstances, there has been ample time and opportunity to prepare a privilege log, and any further delays will only further prejudice the Defendants.

**3.   Response to Document Request No. 9 Seeking Documents Concerning Settlement or Release of Claims**

As I understand your response, the plaintiffs are refusing to provide any documents responsive to request number 9 on the ground that the settlement or release of other related claims are not relevant to the claims asserted in this case, and that any such agreements are subject to confidentiality provisions. With respect to relevance, as you know, the Federal Rules permit discovery of all non-privileged information that is "relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things[.]" Fed. R. Civ. P. 26(b). Relevant information includes information that is "reasonably calculated to lead to the discovery of admissible evidence." *G.F.L. Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003); *Mitchell v. AMTRAK*, 208 F.R.D. 455, 459 (D.D.C. 2002). The information requested in Document Request Number 9 is clearly subject to discovery, and should be provided without further delay.

In this case, the plaintiffs have identified at least one lawsuit filed against them by investors who allegedly sustained losses in connection with Titan, and who contended the Plaintiffs herein caused those losses. The plaintiffs in this case are claiming entitlement to compensation in the form of payment of the existing $6.4 million judgment entered against Titan in Wisconsin state court. The amended complaint represents that the amount of the judgment represents losses sustained by the plaintiffs and their investors in connection with the Titan program. Furthermore, the existence and resolution of litigation against the plaintiffs in this regard is clearly relevant to the claims and defenses in this lawsuit because it may establish that some, most, or all of the investors previously blamed or presently blame the plaintiffs for their losses. Obviously, information in the form of demand letters, correspondence between and among opposing counsel, releases, and settlement orders in these lawsuits could lead to the discovery of evidence that the Defendants may use to defeat one or more of the elements of the claims asserted against them. In any event, at this juncture, I would respectfully suggest that the Federal Rules and the precedents of this Court require the disclosure of this information to the Defendants notwithstanding the plaintiffs' relevance objection.

Furthermore, I do not believe that the confidentiality provisions in any settlement agreements or releases that apparently exist in related litigation can preclude the Defendants from access to the information requested. As you know, most, if not all, releases contain standard language that

Eccleston and Wolf PC

Gregory D. Grant, Esquire
November 16, 2006
Page 4

permits disclosure to third parties under a number of circumstances, including, but not limited to, in connection with a discovery request or subpoena. Moreover, having litigated a similar issue previously, I do not believe that the plaintiffs and third parties can contract out of providing discoverable information. To permit such a result, would, in the age of modern litigation, deny access to a substantial number of documents that are otherwise discoverable.

In addition to the foregoing, there are numerous other reasons why the plaintiffs' relevance and confidentiality objections to Document Request Number 9 lack merit. In the interest of brevity, I would be happy to share those reasons with you should you desire to discuss this issue further. However, at this time, I am renewing my request for immediate production of all non-privileged documents that are responsive to Document Request Number 9.

### 4.    Plaintiffs' Answers to Interrogatories

Based on the foregoing, the Defendants' objection to plaintiffs' answer to interrogatory no. 10 stands to the extent no response was provided based on the proposed protective order. As set forth above, the Defendants request the _immediate_ supplementation of the answer to interrogatory no. 10, for no legitimate basis exists for further non-compliance.

Furthermore, as I understand your fax of November 8, you expressly recognize that the Defendants have requested supplementation of the plaintiffs' answer to interrogatory no. 20, although my prior correspondence incorrectly identified the interrogatory in question as interrogatory no. 22. Notwithstanding your recognition of this error, the plaintiffs still refuse to provide the names of the unidentified investors that were pressuring them to institute suit against Titan and Martinic because of the erroneous reference to interrogatory no. 22. With all due respect, this hardly comports with the good faith required in attempts to resolve discovery disputes. However, to avoid any further delays, and based on your pre-existing express understanding of the supplementation requested, please _immediately_ supplement the answer to interrogatory _no. 20_ by identifying, consistent with the definitions and instructions preceding the interrogatories, the particular investors who exerted pressure on the plaintiffs to initiate action against Titan and Martinic.

In sum, notwithstanding your statements to the contrary, the plaintiffs' continued resistance to the Defendants' clear, simple, and straightforward discovery requests is not consistent with their stated desire to expeditiously move this case forward. As of the date of this correspondence, the plaintiffs' document production is substantially overdue, and _no_ documents or logs have been provided. It is in this context and after the above had been prepared, that I received your letter yesterday. However, I believe the above adequately responds to the issues you addressed, and in particular makes clear that we do not agree to your overly broad proposed Protective Order. Thus, the only remaining issue is the Defendants' responses to plaintiffs' discovery. Please be assured that we do not intend to defer our responses until after Plaintiffs provide adequate response and produce their long overdue documents. Rather, despite Plaintiffs' insufficiencies, we will respond within the next few days.

Eccleston and Wolf PC

Gregory D. Grant, Esquire
November 16, 2006
Page 5

Please let me hear from you at your earliest convenience should you have further comments.

Sincerely,

ECCLESTON AND WOLF, P. C.

By: /s/ Matthew A. Ranck
Matthew A. Ranck

MAR/wm

cc: Larry B. Lichtenstein, Esq.
   Terry D. Weissman, Esq.
   Richard J. Grossman, Esq.

## Confirmation Report - Memory Send

Time     : Nov-16-06  16:34
Tel line :
Name     :

| | | |
|---|---|---|
| Job number | : | 108 |
| Date | : | Nov-16 16:31 |
| To | : | 3012302891 |
| Document pages | : | 06 |
| Start time | : | Nov-16 16:31 |
| End time | : | Nov-16 16:34 |
| Pages sent | : | 06 |
| Status | : | OK |

Job number    : 108                    \*\*\* SEND SUCCESSFUL \*\*\*

---

Law Offices
**Eccleston and Wolf**
Professional Corporation

(202) 857-1696
FAX (202) 857-0762

SUITE 310
2001 STREET, NW
WASHINGTON, D.C. 20006-1125

7TH FLOOR, SCARLETT PLACE
729 E. PRATT STREET
BALTIMORE, MARYLAND 21202-4460
(410) 752-7474
FAX (410) 752-0611

### TELECOPIER TRANSMITTAL FORM

DATE: November 16, 2006

**TO:**  Gregory D. Grant, Esq.
Erin Ashbarry, Esq.

**FROM:**  Williaim Mitchell, Esq.

**TELECOPY NUMBER:**  (301) 230-2891

**TOTAL PAGES INCLUDING THIS PAGE:**  6

If you wish to speak with the telecopier operator, please call: Linda R. at (202) 857-1696

**MESSAGE:**

_____
_____
_____

*This message is intended only for the use of the addressees and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect) to arrange for return of the materials. Thank you*