Law Offices
## Eccleston and Wolf
Professional Corporation

(202) 857-1696
FAX (202) 857-0762
RANCK@EWMD.COM

MATTHEW A. RANCK

SUITE 310
2001 S STREET, N.W.
WASHINGTON, D.C. 20009-1125

7TH FLOOR, SCARLETT PLACE
729 E. PRATT STREET
BALTIMORE, MARYLAND 21202-4460
(410) 752-7474

SUITE 101-B
4084 UNIVERSITY DRIVE
FAIRFAX, VIRGINIA 22030
(703) 218 5330

November 3, 2006

**VIA FACSIMILE TO (301) 230-2891**
**VIA FIRST CLASS MAIL**

Gregory D. Grant, Esquire
Erin J. Ashbarry, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, Third Floor
Rockville, Maryland 20852

        Re: *FC Investment Group, LC, et al. v. Larry B. Lichtenstein, et al.*
           U.S. District Court, District of Columbia
           Case No. 1:05-cv-01753-RMC-AK

Dear Counsel:

I am in receipt of the plaintiffs' discovery responses in the above-referenced matter, and thank you for the same. I have reviewed the responses carefully, and am writing to identify several areas where they are deficient so that you and your client may immediately bring the responses into compliance with the requirements of the Federal Rules and the Court's Local Rules, particularly given your expressly stated desire to move this case forward in an expeditious manner.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Based on the responses to the defendants' first request for production of documents, it appears that the plaintiffs are unwilling to produce <u>any</u> documents unless and until the parties execute a comprehensive protective order, a draft of which you were kind enough to provide with the discovery responses. Preliminarily, however, I must insist at the outset on the <u>immediate</u> production of all documents that are not subject to a protective order. By way of example and without limitation, there is no reason that any of the following categories of documents would be the proper subject of a protective order:

- Documents that concern any admissions or statements made by the parties regarding the facts or matters alleged in the Complaint, <u>see</u> Request No. 2;

- Documents that concern any written or recorded statements, transcripts, or notes of communications made by the parties or third parties, <u>see</u> Request No. 3;

**EXHIBIT 2**

Eccleston and Wolf PC

Gregory D. Grant, Esquire
November 3, 2006
Page 2

- Documents that evidence communications between the plaintiffs and defendants concerning the allegations in the Complaint, see Request No. 4;

- Documents that evidence communications between the plaintiffs and certain third parties concerning the allegations in the Complaint, see Requests No. 5, 12-14;

- Documents that in your view support any or all of the elements of the various claims alleged in the Complaint, see Requests No. 10-11, 15-19;

- Documents concerning the damages alleged in this case, see Request No. 22; and

- Documents that evidence communications between the plaintiffs and any of the investors in Titan, see Request No. 25.

Consequently, please produce these, and all other documents that are not at issue with regard to a protective order, immediately.

Moreover, even if a protective order might be appropriate for certain documents, your clients' document responses fail to articulate any specific basis or need for the entry of such an order. Thus, it is impossible at the present time to assess and evaluate whether a protective order is even appropriate in this case. Frankly, I do not understand what the basis would be for a comprehensive protective order in this case, and am not inclined to agree to one at present. As always, however, I am would be happy to hear your position on this issue so that I can re-evaluate the matter.

Notwithstanding the protective order issue, I also note that you have objected to most, if not all, of the requests by citing either the attorney-client privilege or the attorney work product doctrine as a basis for withholding production, but no privilege log was provided with the discovery responses. I am sure that you will agree with me that the Federal Rules, the Court's Local Rules, and custom and practice in this area require the production of a privilege log "describ[ing] the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." See FED. R. CIV. P. 26(b)(5). Please provide a privilege log containing all documents that you intend to withhold from production in this case on privilege or protection grounds, so that I can evaluate and assess the applicability of your assertions and, if necessary, challenge the same. In the absence of a privilege log, it is impossible to determine whether and to what extent your clients' document production is deficient.

Finally, your clients' response to Request No. 9, which seeks all documents in connection with the settlement or release of any claims against them or any other person or entity concerning any of the matters alleged in the Complaint, is also problematic. Specifically, your clients' response does not indicate that the documents will not be produced. Please clarify whether your client is or will be taking the position that these documents are not discoverable in this action.

Eccleston and Wolf PC

Gregory D. Grant, Esquire
November 3, 2006
Page 3

In sum, as things presently stand, and notwithstanding the failure to provide any basis for a protective order or any privilege log, your clients apparently refuse to produce any documents in response to the defendants' initial document requests. Respectfully, this resistance does not seem to be in accord with your previous representations that you desire to move this case forward expeditiously.

## ANSWERS TO INTERROGATORIES

In addition to the foregoing, several of the plaintiffs' answers to interrogatories are deficient. Interrogatory No. 10 asked for the identification of all documents the plaintiffs relied upon to assist them in responding to the interrogatories, but no information was provided other than a promise to produce "all non-privileged documents" at an unspecified time in the future. Of course, based on the responses to the document requests, any such production is subject to the entry of a protective order, the merit of which has not been articulated or explained. Thus, the comments set forth above pertaining to the merit of the protect order apply equally to the answer to Interrogatory No. 10, and I am requesting the immediate production of a list or log of such documents that you contend are subject to a protective order, and the immediate production of all non-privileged documents that are not subject to a protective order.

Interrogatory No. 22 asked for information concerning the plaintiffs' alleged reliance on any conduct by the defendants in connection with the return of invested funds in Titan. In response, your clients indicated that "certain FCIG investors" were putting pressure on Mr. Eisenberg to take action, but these investors were not identified. Please supplement the answer to this interrogatory, including the identity of these investors.

I remain hopeful that the deficiencies noted herein will be promptly corrected so that we can avoid intractable discovery disputes that will interfere with the progress of this matter, and require the unnecessary expenditure of party resources. I invite you to respond to my comments as we continue to work together to resolve this discovery dispute without involving the court. I look forward to hearing from you at your earliest convenience.

Sincerely,

ECCLESTON AND WOLF, P. C.

By: /s/
Matthew A. Ranck

MAR/wm

cc: Larry B. Lichtenstein, Esq.
Terry D. Weissman, Esq.
Richard J. Grossman, Esq.