IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FC INVESTMENT GROUP LC, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:05-cv-01753-RMC |
| v. ) | |
| ) | |
| LARRY B. LICHTENSTEIN, et al. ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

The Plaintiffs, FC Investment Group, LC ("FCIG") and Lawrence Jay Eisenberg ("Eisenberg"), by undersigned counsel and pursuant to LCvR 7(d), submit this Reply Memorandum in Support of their Motion for Entry of Protective Order Governing Discovery Material.

**INTRODUCTION**

The present motion concerns a routine request by the Plaintiffs for the entry of a protective order that would prevent the use and disclosure of certain personal, identifying and financial information (e.g., Social Security numbers, dates of birth, and bank account numbers) for any purpose other than the preparation and trial of this litigation.[1] In their memorandum in opposition to the motion, the Defendants erroneously characterize the information at issue as "confidential business information," and attempt to argue that Plaintiffs must satisfy some heightened burden of proof in order to obtain a protective

---

[1] *See* Memorandum of Points and Authorities in Support of Motion for Entry of Protective Order Governing Discovery Material at 5 (hereinafter "Plaintiffs' Opening Memorandum").

order.[2] The Defendants' contention lacks any legal basis or support. Furthermore, the Defendants' Memorandum evidences an apparent misunderstanding concerning the purpose and effect of an order such as the proposed protective order attached to Plaintiffs' motion.

## ARGUMENT

### Good Cause Exists for the Entry of a Protective Order Limiting the Use and Disclosure of Personal, Identifying and Financial Information.

The Supreme Court has recognized that pretrial discovery "has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). A litigant does not have an unrestrained right to disseminate information that has been obtained through pretrial discovery. Often such information, if publicly released, could be damaging to an individual's privacy. *See id.* at 31, 35. "The prevention of abuse that can attend the coerced production of information under . . . discovery rule[s] is sufficient justification for the authorization of protective orders." *Id.* at 35-36.

As explained in Plaintiffs' Opening Memorandum, the documents sought by Defendants' discovery requests contain personal information such as dates of birth, Social Security numbers, and bank account numbers and related financial information belonging to Eisenberg and to clients of FCIG. (Plaintiffs' Opening Memorandum at 5). This information is interspersed throughout Plaintiffs' documents. Through the present motion, the Plaintiffs seek a protective order that would merely limit the Defendants'

---

[2] *See* Memorandum of Points and Authorities in Support of Defendants' Opposition to Plaintiffs' Motion for Entry of Protective Order Governing Discovery Material at 5 (hereinafter "Defendants' Memorandum").

2

ability to use and disseminate such information. The Plaintiffs are not attempting to avoid the production of this material.

The Defendants try to argue that the personal information at issue somehow constitutes "confidential business information." They further contend that, in order to satisfy the "good cause" standard under Fed. R. Civ. P. 26(c), Plaintiffs must establish that unlimited use and disclosure of such personal information would result in a "clearly defined and serious injury" to FCIG's business. (Defendants' Memorandum at 5). The Defendants do not cite a single legal authority to support this utterly baseless proposition.

The information at issue is not "confidential business information" belonging to FCIG, as Defendants assert. Rather it is non-public information, including, among other things, Social Security numbers and bank account numbers belonging to Eisenberg and to various third-party investors of FCIG. In recent years, Congress and many state legislatures have enacted laws restricting the use and disclosure of consumers' personal information, including Social Security numbers.[3] Similarly, this Court has adopted a local rule prohibiting parties from filing any documents with the Court that contain Social Security numbers, dates of birth, or financial account numbers – the very information that Plaintiffs seek to shield from unlimited use and disclosure in this case. *See* LCvR 5.4(f). The reason for such protective measures is widely understood. Social Security numbers are "highly sought by individuals seeking to create false identities for purposes such as fraudulently obtaining credit, violating immigration laws, or fleeing the criminal justice system," and "the incidence of identity theft are rapidly growing." GAO Report at 1.

---

[3] *See generally* U.S. Gov't Accountability Office, Social Security Numbers: Federal and State Laws Restrict Use of SSNs, Yet Gaps Remain (2005), http://www.gao.gov/new.items/d051016t.pdf (hereinafter "GAO Report").

The fact that Congress, state legislatures and this Court deem the information at issue to be worthy of protection from unlimited use and disclosure constitutes sufficient "good cause" for the entry of a protective order prohibiting the Defendants from disclosing or using such information for any purpose other than the preparation and trial of this litigation. *See, e.g., Seattle Times*, 467 U.S. at 53 n.21 (explaining that the protection of privacy interests is implicit in the broad purpose and language of Rule 26(c)); *see also Peskoff v. Faber*, 230 F.R.D. 25, 27 (D.D.C. 2005) (same).

### The Restrictions and Procedures Outlined in Plaintiffs' Proposed Order Are Reasonable and Appropriate.

The Defendants next challenge the restrictions and procedures outlined in Plaintiffs' proposed order, claiming that the order would permit "the producing party to designate a document as "confidential" with no context, framework or basis for the receiving party to resolve that the designation is appropriate without slowing the progress of discovery to a crawl and resulting in the needless expenditure of party and judicial resources." (Defendants' Memorandum at 6). The Defendants further contend that the Plaintiffs "seek to shift the burden of persuasion" to the parties opposing a confidential designation. (*Id.* at 7). Each of these contentions is incorrect.

Paragraph 5 of the proposed protective order contains a definition of the types of documents that any party – not just the Plaintiffs – may designate as "confidential." Upon review of an opposing party's documents, the receiving party can determine whether it agrees that any document containing a "confidential" designation properly fits within that definition. If a receiving party disagrees with any designation, then Paragraph 18 of the proposed order outlines a procedure whereby the parties must first attempt to resolve their disagreement, and if they are unable to do so, then the receiving party can

4

file a motion with the Court challenging the designation. In addition, the moving party can file a copy of the disputed document under seal, pending the Court's determination of the propriety of the designation, as permitted by LCvR 5.1(j). (*See* Proposed Order ¶ 15). When such a motion is filed, the burden of proving that the designation is proper is on *the Designating Party*. (*See id.* ¶ 18). The proposed order would not impose any "burden of persuasion" on the receiving party, as the Defendants contend.

This Court has approved similar protective orders in other cases. *See, e.g., Tri-State Hospital Supply Corp. v. United States*, 226 F.R.D. 118, 124 (D.D.C. 2005); *Tavoulareas v. Piro*, 93 F.R.D. 24, 29-30 (D.D.C. 1981). In *Tavoulareas*, for example, the Court rejected a litigant's contention that a designating party should be required to specify, and that the Court should rule upon, any objections to the disclosure of particular documents prior to disclosure. *See* 93 F.R.D. at 29. Instead, the Court approved a proposed order whereby,

> [the designating party] would simply note the confidentiality of certain documents produced, based upon a relatively cursory review of the contents or source of the documents, and would then turn them over to [the requesting party] for use in this litigation. In the event [the requesting party] then wished to challenge [the] designation . . . counsel could seek an accommodation with [the designating party] or, as a last alternative, a court ruling that the material is neither confidential nor otherwise privileged. Second, *the proposed order would help minimize the role of the Court in the discovery stage by assuring that only those matters over which the parties truly disagree will be brought before the Court for judicial resolution.* Absent an objection by [the receiving party], the Court will be freed of the time-consuming task of ruling on . . . numerous claims of confidentiality . . . .

*Id.* at 29-30 (emphasis added).

In the present case, the Defendants proposed that Plaintiffs provide redacted copies of documents that contain any confidential material, along with a log setting forth

5

the nature of the information redacted. (*See* Exhibit No. 1 to Defendants' Memorandum). As the Court observed in *Tavoulareas*, however, Plaintiffs' document production would be "slowed tremendously" if it were required to redact the confidential information from its documents – information that is dispersed throughout the responsive set of materials – and then prepare a log describing the redacted material. *Id.* at 29. The procedure outlined in Plaintiffs' proposed order is more efficient, and more advantageous to both parties. Under that procedure, Defendants would receive unredacted copies of Plaintiffs' documents for their use in this litigation, and Plaintiffs would not have to defend their designations unless there was an actual dispute concerning any particular designation.

During a telephone conference on December 1, 2006, Plaintiffs' counsel offered to make Plaintiffs' documents available for immediate inspection, including the confidential materials, provided that Defendants would agree to maintain the confidentiality of the information reflected in those documents pending the Court's resolution of this motion. Counsel renewed that offer in a letter dated December 15, 2006. (*See* Exhibit No. 1 attached hereto). The Defendants have not responded to that offer. In their Memorandum, however, the Defendants ask the Court to order Plaintiffs to produce their documents immediately, and to make such production subject to "provisional confidentiality requirements" pending the Court's determination of whether a protective order is appropriate in this case. (Defendants' Memorandum at 8). This is precisely what Plaintiffs voluntarily offered to do on December 1 and 15, 2006.

## CONCLUSION

For the reasons stated above, and in their Opening Memorandum, the Plaintiffs request the Court to enter the proposed Protective Order Governing Discovery Material that they previously submitted to the Court.

                                      Respectfully submitted,

                                      Plaintiffs FC Investment Group, LC and
Lawrence Jay Eisenberg
By Counsel

SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.


By: _____/S/_____
    Gregory D. Grant (Bar No. 013942)
    11921 Rockville Pike, Third Floor
    Rockville, Maryland 20852
    (301) 230-5200
    (301) 230-2891 (Facsimile)

    Attorney for Plaintiffs FC Investment Group, LC
    and Lawrence Jay Eisenberg

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of January, 2007, a copy of the foregoing Reply Memorandum In Support of Plaintiffs' Motion for Entry of Protective Order Governing Discovery Material was served electronically upon:

>William L. Mitchell, II
>Matthew A. Ranck
>LAW OFFICES OF ECCLESTON & WOLF, PC
>2001 S Street, N.W., Suite 310
>Washington, DC 20009
>
>Counsel to Defendants Larry B. Lichtenstein and Larry B. Lichtenstein & Associates

                                                  /S/
                                        Gregory D. Grant